### WHITEHURST v. GRIMES, Chief of Police, et al.

District Court, E. D. Kentucky. September 17, 1927.

**Commerce ⬯63—Municipal ordinance imposing license on radio broadcasters held invalid as regulation of interstate commerce.**

The business of radio broadcasting is interstate, though communication may be intended only for intrastate transmission, and, Congress having covered the field by appropriate legislation, a municipal ordinance imposing a license tax on all persons, firms, or corporations operating a radio broadcasting station, either commercial or amateur, is invalid as a regulation of interstate commerce.

In Equity. Suit by R. B. Whitehurst against J. W. Grimes, Chief of Police of Wilmore, and Wilmore, Ky. On defendants' motion to dismiss bill for want of equity. Motion denied.

Paul M. Segal, of Denver, Colo., and James Park, of Lexington, Ky., for plaintiff.

R. L. Bronaugh, of Nicholasville, Ky., for defendants.

ANDREW M. J. COCHRAN, District Judge. This suit is before me on defendants' motion to dismiss the bill for want of equity and that it does not state facts sufficient to entitle plaintiff to the relief which he seeks.

The plaintiff is an amateur radio operator. He lives and operates an amateur radio station located in the city of Wilmore, a municipality of this state located in this district. This he has done since October, 1924. He has a license so to do from the United States. It was granted October 19, 1925, for two years by the Secretary of Commerce, under the Act of August 13, 1912 (47 USCA §§ 51–60; Comp. St. §§ 10100–10109), and was extended March 15, 1927, by the Federal Radio Commission, appointed under the Act

of February 23, 1927 (47 USCA §§ 81–120), by General Order No. 1, until further orders therefrom. The designation of his station is 9 ALM.

On October 1, 1926, the defendant by its board of council passed an ordinance requiring all persons, firms, and corporations operating a radio broadcasting station, either commercial or amateur, to pay a license tax therefor and providing a penalty for failure to do so. The tax provided is not on the property of the radio operator, but on the business of radio broadcasting. Radio communications are all interstate. This is so, though they may be intended only for intrastate transmission; and interstate transmission of such communications may be seriously affected by communications intended only for intrastate transmission. Such communications admit of and require a uniform system of regulation and control throughout the United States, and Congress has covered the field by appropriate legislation. It follows that the ordinance is void, as a regulation of interstate commerce.

The motion to dismiss is overruled.