**UNITED STATES of America**

v.

**Monty J. BUTTERFIELD (doing business as Radio Free Vermont).**

**No. CIV.2:99–CV–242.**

United States District Court,
D. Vermont.

Feb. 15, 2000.

Joseph Robert Perella, Asst. U.S. Atty., Office of United States Attorney, District of Vermont, Burlington, VT, for U.S.

Monty J. Butterfield, Rutland, VT, pro se.

## MEMORANDUM AND ORDER

SESSIONS, District Judge.

On August 24, 1999, the Government filed a complaint against Monty J. Butterfield, seeking declaratory and injunctive relief regarding Mr. Butterfield's radio station, Radio Free Vermont. Specifically, the Government seeks declaratory judgment that the defendant has violated Section 301 of the Communications Act of 1934, 47 U.S.C. § 301, and injunctive relief to enjoin defendant from making radio transmissions within the United States without a F.C.C. license. In Mr. Butterfield's response, he acknowledged operating a radio station without a license. The Government then filed a Motion for Judgment on the Pleadings. In addition, the Government also filed a Motion for Imposition of Costs for Service of Summons in light of the defendant's refusal to waive service.

■ The Communications Act of 1934 prohibits the operation of a radio station without an FCC license, regardless of whether the broadcasts are interstate or intrastate. Section 301 reads in relevant part; "No person shall use or operate any apparatus for the transmission of energy or communications or signals by radio (a) from one place in any State ... to another place in the same State ... except under and in accordance with this chapter and with a license in that behalf granted under the provisions of this chapter." There are limited exceptions to the licensing requirement for particularly low frequencies where the signal does not exceed two hundred fifty (250) microvolts/meter at a distance of three meters. 47 C.F.R. §§ 15.1(b), 15.239(b). Defendant's radio station does not fall within that exception. Since defendant is operating his radio station without an FCC license, he is in violation of the Communications Act of 1934, 47 U.S.C. § 301.

■ The Defendant argues that Congress had no authority to regulate intrastate broadcasts under the Commerce Clause. However, radio broadcasts have impact upon interstate commerce, regardless of whether those broadcasts are interstate or intrastate in scope. *Whitehurst v. Grimes*, 21 F.2d 787, 787 (E.D.Ky.1927); *United States v. Neset*, No. A4–98–28, Memorandum and Order (May 7, 1998, D.N.D.). This Court holds that persons who intend to broadcast by radio must have an FCC license, whether or not such broadcasts are intended to be interstate or intrastate. In light of the Defendant's re-

fusal to acknowledge the requirements of an FCC license and his continued operation of the radio station without a license, injunctive relief is appropriate. As a result, the Government's Motion for Judgment on the Pleadings is granted. The Government shall file a proposed order to enjoin the defendant from broadcasting over the radio airwaves without an FCC license forthwith.

■ The Government also seeks reimbursement for costs associated with service of the summons. The Government enclosed with the complaint a Notice of Lawsuit and Request for Waiver of Service of Summons that conformed to Fed. R.Civ.P. 4(d)(2)(A)-(D) and Form 1A, Appendix of Forms. The defendant failed to return the waiver of service so that the U.S. Marshals Service had to effectuate service.

Pursuant to Fed.R.Civ.P. Rule 4(d)(2), "[i]f a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause is shown." The defendant resides in Vermont and was ultimately served by the marshals in this state. The Defendant has failed to provide good cause as to why he refused to execute the waiver of service. As a result, the Government's Motion for Imposition of Costs for Service of Summons in Granted.