**UNITED STATES of America,**
**Plaintiff,**

v.

**James GANLEY, Defendant.**

**No. 03–138–P–DMC.**

United States District Court,
D. Maine.

Jan. 30, 2004.

Frederick Emery, Office of the U.S. Attorney, Portland, ME, for United States, Plaintiff.

Nicholas H. Walsh, Portland, ME, for James Ganley, Defendant.

## MEMORANDUM DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT[1]

DAVID M. COHEN, United States Magistrate Judge.

The United States, on behalf of the Federal Communications Commission ("FCC"), moves for summary judgment in this action seeking forfeiture resulting from an alleged violation of the Communications Act of 1934, 47 U.S.C. § 301. I grant the motion.

### I. Summary Judgment Standard

Summary judgment is appropriate only if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "In this regard, 'material' means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant. By like token, 'genuine' means that 'the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party.'" *Navarro v. Pfizer Corp.*, 261 F.3d 90, 93–94 (1st Cir.2001) (quoting *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir.1995)).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. *Nicolo v. Philip Morris, Inc.*, 201 F.3d 29, 33 (1st Cir.2000). Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir.1999) (citation and internal punctuation omitted); Fed.R.Civ.P. 56(e). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." *In re Spigel*, 260 F.3d 27, 31 (1st Cir.2001) (citation and internal punctuation omitted).

### II. Factual Background

The following undisputed material facts are appropriately supported in the parties' respective statements of material facts submitted pursuant to this court's Local Rule 56.

On March 17, 1998 FCC Agent Tagliaferro inspected a radio station located at 130 Pine Street, Portland, Maine and found the station to be operating in violation of the Communications Act of 1934, as amended, 47 U.S.C. § 301. Statement of Undisputed Material Facts ("Plaintiff's SMF") (Docket No. 7) ¶ 1; Defendant's Statement of Material Facts in Dispute ("Defendant's Responsive SMF") (Docket No. 12) ¶ 1. The defendant was present at the time of the March 17, 1998 inspection and was informed of the violation. *Id.* ¶ 2. The defendant admitted that he was the owner and operator of the radio station and that he was operating without authority. *Id.*

The radio station was monitored by FCC Agent Calligan on April 2, 1998 and was found still to be operating in violation of the Communications Act of 1934, as

---

1. Pursuant to 28 U.S.C. § 636(c), the parties have consented to have United States Magistrate Judge David M. Cohen conduct all proceedings in this case, including trial, and to order entry of judgment.

amended, 47 U.S.C. § 301. *Id.* ¶ 3. On June 9, 1998 the radio station was again monitored by FCC Agent Calligan and was found still to be operating in violation of the Communications Act. *Id.* ¶ 4. As a result of the violations, citation letters were issued by certified mail to the defendant on March 26, 1998 and April 23, 1998. *Id.* ¶ 5. The defendant received and signed for the March 26,1998 letter on March 30, 1998. *Id.* The April 23, 1998 letter was returned to the FCC as "unclaimed." *Id.* The defendant did not respond. *Id.*

The Compliance and Information Bureau of the FCC issued a Notice of Apparent Liability for Forfeiture letter to the defendant on July 21, 1998 wherein the defendant was informed that he must pay the forfeiture amount of $5,000.00 or file a written response showing why the forfeiture should be reduced or not imposed. *Id.* ¶ 6. The defendant did not respond. *Id.* On November 17, 1998 a Forfeiture Order in the amount of $5,000.00 was released. *Id.* ¶ 7. The defendant has made no payments toward the forfeiture. *Id.* ¶ 8.

## III. Discussion

 The FCC has authority to issue forfeitures for violations of the Communications Act. 47 U.S.C. § 503(b). When the FCC has been unable to collect the amount due in a forfeiture order, it must refer the matter to the United States Attorney for recovery in a civil action. 47 U.S.C. §§ 503(b)(3)(B), 504(a). The defendant has admitted that he was operating a radio station without authority, Plaintiffs' SMF ¶ 2; Defendant's Responsive SMF ¶ 2, and that the FCC found his station to be operating in violation of the Communications Act on two subsequent occasions, *id.* ¶¶ 3–4. He does not contend that he did not receive notice of the forfeiture. Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment (Docket No. 10) at 4–5.[2] Rather, he argues that the licensing requirement at issue violates his First Amendment rights and that the FCC lacked the power to sanction him because the signal emitted by his radio station could not interfere with interstate commerce because it could not have reached outside the state of Maine. *Id.*

Assuming that the defendant's cursory First Amendment argument is sufficient to present the issue, *but see Graham v. United States,* 753 F.Supp. 994, 1000 (D.Me. 1990), it has been rejected by the Supreme Court, *Red Lion Broad. Co. v. FCC,* 395 U.S. 367, 389, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969); *National Broad. Co. v. United States,* 319 U.S. 190, 227, 63 S.Ct. 997, 87 L.Ed. 1344 (1943).

With respect to the defendant's second argument, the Supreme Court has held that all radio signals are interstate by nature. *Fisher's Blend Station v. Tax Comm'n of Washington,* 297 U.S. 650, 655, 56 S.Ct. 608, 80 L.Ed. 956 (1936). The opinion in the sole case cited by the defendant, *United States v. Gregg,* 5 F.Supp. 848 (S.D.Tex.1934), does not support his position. In that case, the court found that the signal broadcast by the station at issue could not be heard in any state other than that in which the station was located, *id.* at 850, but nonetheless held that its operation interfered with interstate commerce.

That [the version of the Act then in effect] is reasonable will be seen by reflecting that a sufficient number of unlicensed and unregulated intrastate radio

---

2. The defendant's memorandum includes many factual assertions not presented in his Proffer of Additional Facts (included in Defendant's Responsive SMF at 3), which is his only submission that complies with this court's Local Rule 56(c). The court will not consider any facts not presented in accordance with Local Rule 56. Local Rule 56(e).

broadcasting stations, such as is defendants', broadcasting on different frequencies in each community, could and would not only interfere with, but destroy, all interstate broadcasting.

*Id.* at 857.

An argument essentially identical to that raised by the defendant here was rejected by the court in *United States v. Butterfield,* 91 F.Supp.2d 704 (D.Vt.2000). The defendant in that case admitted operating a radio station without a license. *Id.* at 705. He argued that Congress had no authority to regulate intrastate broadcasts. *Id.* Citing case law from the Eastern District of Kentucky and the District of North Dakota, the court held that "persons who intend to broadcast by radio must have an FCC license, whether or not such broadcasts are intended to be interstate or intrastate." *Id.* I agree. The defendant here offers no reason beyond that offered by the *Butterfield* defendant why his conduct could not be regulated by Congress. The result should be the same. The plaintiff is entitled to summary judgment.

### IV. Conclusion

For the foregoing reasons, the plaintiff's motion for summary judgment is **GRANT-ED.** Judgment shall enter for the plaintiff in the amount of $5,000.00.